INDUSTRIAL FASTENERS GROUP, AMERICAN IMPORTERS ASSOCIATION, PLAINTIFF; *v.* UNITED STATES ET AL., DEFENDANTS

Court No. 80-7-01157

(Dated February 11, 1982)

*Barnes, Richardson & Colburn; Andrew P. Vance* and *Michael A. Johnson,* for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, *Velta A. Melnbrencis,* for the defendants.

Before BOE, *Judge.*

BOE *Judge:* In its Opinion and Order under date of January 15, 1982, this court remanded the action to the administrative agency (ITA) for its redetermination of the amount of the subsidy received by the exporters in connection with the tax benefits allowed by the Government of India under the Export Markets Development Allowance program. 3 CIT 25, Slip Op. 82–7 at 6–7 (January 15, 1982). Counsel for the Government has filed a motion for rehearing and modification, urging that the estimated amount of the subsidy is properly based on the amount of the tax savings claimed by the exporters. The Government asks that the ITA be ordered to redetermine the amount of the estimated subsidy provided by the special income tax deduction on that basis.

This court recognizes that in a determination as to whether a subsidy exists, the immediacy of the determination oftentimes does not permit the delay occasioned by the finalization of the respective tax deduction claims of each exporter in order to obtain the amount which ultimately may be allowed. Whether the best information available during the course of the administrative investigation provides a basis upon which the ITA may estimate the tax benefit allowed to the exporters as a whole is a matter best left to the agency, as the fact finder, to determine. Suffice it to say, this court will not sustain a basis for the calculation of a subsidy, such as that urged by government counsel, which neither represents nor adequately estimates the allowance or benefit bestowed by the Government of India.

Government counsel urges that the deductions claimed by the exporter result in a tax saving for the particular year in question, which, in turn, should be construed as a subsidy. The imposition of a countervailing duty, however, is not premised on a temporary tax saving, in an amount which has not yet received government sanction, which may have been occasioned by an exaggerated self-

serving claim for a tax deduction which the exporter may have computed to suit his own purposes. Such a self-created temporary tax saving cannot fall within the classification of a bounty or grant bestowed by a government within the intendment of the Congress of the United States.

The fallacy in connection with the basis on which government counsel would premise the ITA's calculations is well demonstrated in the administrative record wherein cogent evidence is provided as to the wide disparity between the tax deductions claimed by certain exporters and the actual allowance with respect thereto permitted by the Government of India. The Verification Report written by an ITA official provides the following information: Auto & General claimed a deduction for 1976–77 in the sum of 125,671 rupees, 34,686 rupees was allowed; Bagwati Steel for 1977 claimed deductions in the amount of 160,000 rupees, 13,579 rupees was allowed; KCK claimed deductions in the amount of 579,777 for 1979, but it is estimated that only 60,281 rupees would be allowed; Standard Fasteners stated that the claimed amount generally exceeds the allowance granted, It further appears from the record that certain exporters made no claim for deductions. AK Corp. and Agarwal Industries filed no claims for deductions in the year 1979; Autobolts Ludhiana made no claims for deductions in 1979–80; Shree Krishna and Technico reported no tax benefits under the Export Markets Development Allowance program. A.R. 438, 29, 525 and 527.

In the event the ITA, after a consideration of the reports furnished by the various exporters, including specifically all of the data referred to in the preceding paragraph herein,[1] finds that the tax benefits allowed by the Government of India to the exporters as a whole might be estimated, a redetermination with respect thereto may be submitted to this court within a period of fifteen (15) days from the date of entry of this Order, at the expiration of which time final judgment will be entered by the court in the instant review proceedings.[2] No extension of time will be granted.

The motion of defendants' counsel for a rehearing and modification of this court's Order and Opinion of January 15, 1982, be and is hereby, accordingly, denied.

---

[1] Presumably, previous determinations submitted by the ITA to this court disregarded a portion of this information, particularly with respect to the fact that certain exporters neither filed for nor received any tax benefits under the program.

[2] Proceedings in the above-entitled action were first instituted in this court on July 28, 1980.